<div style="text-align:right">Cato<br>vs<br>Howard</div>

<div style="text-align:center">DECREE REVERSED.</div>

---

## NEGRO CATO vs. HOWARD.

<div style="text-align:right">JUNE.</div>

APPEAL from *Montgomery* county court.  This was a
petition for freedom, preferred by the appellant.  At the
trial he offered evidence to the jury to prove, that in Janua-
ry 1793, *Nathan Harris* was the owner of the petitioner;
that by parol he sold him to *Jesse Harris* in that year, for
seven years, for £65, and that at the end of that time the
petitioner was to be free.  *Jesse* and *Nathan Harris*, at
the time of the sale of the petitioner, did agree by parol,
and it was part of the bargain, that *Jesse* should at the
end of seven years, from the time of the sale, or sooner if
he pleased to do so, manumit and set the petitioner free.
The petitioner was delivered by *Nathan* to *Jesse*, and
served *Jesse* until about the month of January 1799.  In
February 1799, *Nathan*, without the consent of *Jesse*,
sold the petitioner as a slave to *Howard*, who soon after
took the petitioner into his custody as a slave, and still
holds him as such.  On the 2d of March 1799, *Jesse* exe-
cuted a deed of manumission of the petitioner, which was
duly acknowledged and recorded.  *Nathan*, after his sale
to *Jesse*, several times declared that he had no right to the
petitioner, and that *Jesse* was the person who was to set
him free. On these facts the petitioner prayed the opinion
of the court, and their instruction to the jury, that if they
were of opinion from the evidence, that *Jesse Harris* pur-
chased the petitioner from *Nathan Harris* in the year 1793,
for seven years, and that it was part of the terms of sale
and purchase, that *Jesse* should, at the end of seven years
or sooner, if he chose to do so, set free and manumit the
petitioner, that the *petitioner* was entitled to his freedom
for life by the aforesaid deed of manumission, if the
petitioner was, at the time of the execution of that deed,
of healthy constitution and sound in mind and body, and
capable by labour to procure sufficient food and raiment,
with other requisite necessaries of life, and was not more

<div style="font-size:smaller">A slave sold by parol for a term of seven years with an agreement be-tween the vende, and vendee that at the end of the sev-en years he was to be manumitted, by the vendee  At the end of that time the vendee executed a deed of manumission. *Held*, that the slave was free.</div>

1808

Hughes
vs
O'Donnell

than forty-five years of age. But the court, (*Clagett,* Ch. J.) was of opinion, and so instructed the jury, that if they should find that the sale and purchase between *Nathan* and *Jesse Harris,* was as above stated, that the petitioner is not entitled to freedom under the deed of manumission. The petitioner excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before TILGHMAN, POLK, and BUCHANAN, J. by

*Martin,* for the Appellant, and by *Mason,* for the Appellee.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.